Argued September 15, modified September 22, 1925.

## A. CREASON *v.* OTTO MUETZEL.

(239 Pac. 195.)

**Equity—Equity Court will Settle in One Suit Claims for Balance on Real and Personal Property, When It is All Part of One Transaction.**

In suit for strict foreclosure ·against administrator, on verbal contract made by deceased, for purchase of real and personal property, court of equity, under principle that, when equity has once acquired jurisdiction for one purpose, it will retain jurisdiction for all purposes connected with the transaction, will determine the amount due on such contract, and, in case of failure of lower court to do so, it will be done by Supreme Court.

See (1) 21 **C. J.** 134, 140; 39 **Cyc.** 1877.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1.

MODIFIED.

For appellant there was a brief over the name of· *Messrs. Rice & Orcutt,* with an oral argument by *Mr. Dexter Rice.*

For respondent there was a brief over the name of *Mr. W. W. Sinclair,* with an oral argument by *Mr. Albert Abraham.*

RAND, J.—Plaintiff brought this suit against Otto Muetzel as administrator of the estate of Fred Muetzel, deceased, and as the sole heir at law of said decedent, to require the defendant to pay an alleged balance due upon the purchase price, under a verbal sale, of certain real and personal property which the complaint alleges plaintiff sold to decedent, or be foreclosed of any right, title or interest therein. The prayer of the complaint is for a strict foreclosure and the cause of suit grows out of a parol contract of sale

1. See 10 **R. C. L.** 370.

entered into by plaintiff with decedent under which the personal property was delivered to decedent and decedent entered into possession of the land with the consent and acquiescence of plaintiff and remained in possession thereof until the time of his death and paid a considerable proportion of the purchase price.

The cause was tried in open court before the Honorable J. W. HAMILTON, Circuit Judge, and from the evidence taken before him he found that there was due and owing to plaintiff from decedent on the purchase price of the real property at the time of decedent's death the sum of $1,631.11, and the additional sum of $78.66 which had been paid by plaintiff for taxes assessed against said property, and based upon said findings of fact and the conclusions of law a decree was entered requiring the defendant to pay said sums to plaintiff within five months from the date of filing of the decree, with interest upon the amount found to be due on the purchase price at the rate of 8 per cent per annum from the date of the decree, and upon the further amount found to have been paid for taxes, with interest from the date of said payments, and that in default of such payment that the defendant, as administrator of the estate and as sole heir of decedent, be foreclosed of any interest in or to the northwest quarter of section 8, the south half of the northeast quarter and lots one and two of section 7, township 29, south of range 8, west of the Willamette Meridian, in Douglas County, Oregon, and requiring the plaintiff, upon said payment being made, to execute and deliver to defendant a good and sufficient deed conveying the fee-simple title to said real property to said defendant, but without prejudice to the right of the plaintiff to maintain an action against the defendant for the recovery of any sum that might

be due plaintiff because of the sale and delivery of said personal property by plaintiff to decedent. From this decree plaintiff appealed.

The evidence is conflicting, both as to the purchase price of the land and as to the amount which decedent had paid thereon. There is no dispute, however, that the consideration which decedent promised to pay as the purchase price of both real and personal property was a lump sum without any stipulation for the separate payment of any specified sum for either the real or personal property. Upon reading the evidence we were first convinced that the learned trial court had allowed plaintiff all that he should be permitted to recover upon the sale of the real property, and that the decree should be affirmed, but after a more careful consideration we are convinced that the decree should settle the entire controversy, and since it is all a part of one transaction, it comes within the principle that when equity has once acquired jurisdiction for one purpose it will retain jurisdiction for all purposes connected with the transaction. For that reason the decree appealed from will be modified and a decree will be entered here in conformity to the conclusions, we, ourselves, have arrived at.

The amount of the purchase price is in dispute. We are satisfied from the evidence that the amount agreed upon at the time the parol contract was entered into was the sum of $4,325, and that this was to be the total consideration for the sale of both the real and personal property. There is a dispute as to the amount which decedent paid plaintiff. Decedent could neither write nor read English, although he could write his own name. Plaintiff kept no satisfactory account of the transactions and his testimony

115 Or.—38

is contradicted by that of many other witnesses. It appears, however, from the testimony of two apparently disinterested witnesses, Mr. W. J. Testor and Mr. G. U. Helbig, that at a meeting held at Roseburg for the purpose of exchanging this property for another said two witnesses and plaintiff and defendant were present, and at that time it became material to ascertain the amount which was then due plaintiff from decedent under said contract, and from the testimony of these two witnesses it appears that decedent stated in the presence of plaintiff that he then owed plaintiff the sum of $2,000, and plaintiff, at that time, assented to said statement and admitted that that was the amount due. Plaintiff himself testified that the amount was $2,400, as he recollected it. We are satisfied that the amount thus stated to be due was $2,000, and it appears that a day or two before the decedent died, in discussing his affairs, decedent stated to his son that he owed the plaintiff a little over $2,000. Decedent died some time in the latter part of the year 1922, while the meeting at Roseburg was held on June 2, 1922. Because of these admissions we conclude that there was due from decedent to plaintiff, under said contract, on June 2, 1922, the sum of $2,000, and that had decedent on that date paid plaintiff that amount, plaintiff's claim, both for the real and personal property, would have been satisfied and discharged. For that reason we conclude that there is due and owing plaintiff upon the purchase price of said land and said personal property the sum of $2,000, with interest since said date at the rate of 6 per cent per annum, and no other or further sum.

A decree will be entered here awarding judgment for said amount, together with the costs of the action

in the court below and the costs upon this appeal, and requiring the plaintiff, if said sum is paid to him within ninety days from the entry of the decree of the court below upon the mandate to be issued herein, to execute and deliver to defendant a good and sufficient warranty deed conveying said property in fee-simple title and free from all liens and encumbrances to defendant, or, that in default of such conveyance, such decree stand and operate as such deed; and, further, following the practice adopted in *Bickel* v. *Wessinger,* 58 Or. 98 (113 Pac. 34), that in default of such payment by defendant, the real property in controversy be sold in the manner provided by law and the proceeds applied, first, to the payment of expenses of the sale, second, to the payment of the balance here found to be due plaintiff, and that the remainder be paid to defendant, and it is so ordered.

MODIFIED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.